IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXPORT DEVELOPMENT CANADA, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No.:_____ |
| ULTIMATE PAINTBALL, LLC, | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff Export Development Canada ("Plaintiff") for its complaint against defendant Ultimate Paintball, LLC ("Ultimate") alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

### NATURE OF THE ACTION

1. The Plaintiff seeks money damages against Ultimate pursuant to the Missouri Uniform Commercial Code (the "U.C.C.") and, alternatively, based on breach of contract, account stated, and restitution.

2. G.I. Sportz Inc. ("G.I.") is a Canadian paintball supplies manufacturer that was insured by Plaintiff against non-payment for goods it sold on credit to Ultimate.

3. Ultimate sells paintball guns, air tanks, clothing, and general paintball supplies. Ultimate ordered goods from G.I. and failed to pay for them. Plaintiff made an insurance payment to G.I. for the goods under the credit insurance policy between Plaintiff and G.I.

4. In exchange, G.I. assigned all right, title, and interest in its claims against Ultimate in relation to the subject matter of this action to the Plaintiff.

5. As the assignee of G.I., the Plaintiff is entitled to damages against Ultimate for action for the price under the Missouri Uniform Commercial Code ("U.C.C.") or, alternatively, breach of contract, account stated, and restitution.

## PARTIES

6. The Plaintiff is a Canadian Crown corporation established by the Canadian Export Development Act of 1985. Its worldwide headquarters are located in Ottawa, Canada.

7. Defendant Ultimate is a Missouri limited liability company with its principal place of business located at 517 S. Spruce Street, Bonne Terre, Missouri 63658.

8. Non-Party G.I. is a Canadian corporation headquartered in Montreal, Canada.

## JURISDICTION AND VENUE

9. The Court has jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and complete diversity of citizenship exists between the Plaintiff and Ultimate.

10. Jurisdiction over Ultimate is proper because it is a Missouri corporation with its principal place of business located in Bonne Terre, Missouri.

11. Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(b) because Ultimate is a resident of this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

**A.     The Relevant Parties and Their Businesses**

12. The Plaintiff provides insurance coverage against non-payment to Canadian exporters selling goods on credit to buyers in the United States.

13. Ultimate sells paintball guns, air tanks, clothing, and general paintball supplies.

14. Non-Party G.I. is a Canadian corporation that manufacturers paintball equipment.

B. **Plaintiff's Claims against Ultimate**

15. Between December 2017 and May 2018, G.I. shipped paintball supplies with a price of $327,839.25 (the "Goods") in fulfillment of its purchase orders.

16. Payment on the Goods was due on various dates between December 2017 and May 2018. A statement account identifying the invoices (the "Invoices") for the Goods is attached hereto as Exhibit "1".

17. G.I. sent the Goods to Ultimate.

18. Ultimate received the Goods.

19. The Goods were duly delivered as requested by Ultimate

20. Ultimate and its designees accepted delivery of the Goods.

21. Ultimate did not reject the Goods.

22. Ultimate did not validly revoke its acceptance of the Goods.

23. Ultimate did not timely notify G.I. of any dispute about the quality of the Goods.

24. G.I. issued the Invoices.

25. Ultimate received the Invoices.

26. Ultimate did not object to the Invoices.

27. Ultimate has failed to pay the Invoices.

28. Ultimate is liable to the Plaintiff in an amount to be determined at trial but in no event less than $327,839.25, plus interest on the Invoices at the rate of nine-percent (9%) per annum under Missouri Rule of Civil Procedure § 408.020, together with the Plaintiff's attorneys' fees and expenses.

## COUNT I

### (Action for the Price against Ultimate)

29. The Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

30. Ultimate and its designees accepted the Goods.

31. Ultimate never rejected the Goods.

32. Ultimate never validly revoked its acceptance of the Goods.

33. The Plaintiff is entitled to damages against Ultimate in an amount to be determined at trial but that is expected to exceed $327,839.25, plus interest on the Invoices at the rate of nine-percent (9%) per annum under Missouri Rule of Civil Procedure § 408.020, together with Plaintiff's attorneys' fees and expenses.

## COUNT II

### (Breach of Contract against Ultimate)

34. The Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

35. Ultimate requested the Goods.

36. G.I. offered to provide the Goods to Ultimate for $327,839.25.

37. Ultimate accepted G.I.'s offer to provide the Goods to Ultimate for $327,839.25.

38. G.I. has performed all of its obligations to Ultimate, including providing all of the Goods.

39. No part of the sum owed for the Goods has been paid by Ultimate, although G.I. and the Plaintiff have demanded payment.

40. There is now due, owing and unpaid to the Plaintiff, from Ultimate, the principal sum of at least $327,839.25 plus interest or late charges under the Invoices.

41. As a direct and proximate result of Ultimate's breach of its agreement to pay for the Goods, Plaintiff has been damaged in an amount to be determined at trial but that is expected to exceed $327,839.25, plus interest on the Invoices at the rate of nine-percent (9%)

per annum under Missouri Rule of Civil Procedure § 408.020, together with Plaintiff's attorneys' fees and expenses.

## COUNT III

### (Account Stated against Ultimate)

42. The Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

43. Contemporaneous with providing the Goods to Ultimate, G.I. submitted the Invoices to Ultimate setting forth the balance owed to G.I.

44. Ultimate retained the Invoices without objection.

45. Ultimate expressly or impliedly acknowledged the correctness of the balance owed for the Goods.

46. Plaintiff is entitled to damages against Ultimate in an amount to be determined at trial but that is expected to exceed $327,839.25, plus interest on the Invoices at the rate of nine-percent (9%) per annum under Missouri Rule of Civil Procedure § 408.020, together with Plaintiff's attorneys' fees and expenses.

## COUNT IV

### (Restitution/*Quasi*-Contract against Ultimate)

47. The Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

48. G.I. conferred a benefit on Ultimate by providing Ultimate with the Goods at Ultimate's request.

49. Ultimate would be unjustly enriched if it is permitted to retain the value of the Goods without paying for them.

50. Plaintiff is entitled to damages against Ultimate in an amount to be determined at trial but that is expected to exceed $327,839.25 plus interest on the Invoices at the rate of nine-percent (9%) per annum under Missouri Rule of Civil Procedure § 408.020, together with Plaintiff's attorneys' fees and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for a judgment against Ultimate as follows:

1. For damages in an amount to be determined at trial but expected to exceed $327,839.25 plus interest on the Invoices at the rate of nine-percent (9%) per annum under Missouri Rule of Civil Procedure § 408.020, together with Plaintiff's attorneys' fees and expenses;

2. For the Plaintiff's attorneys' fees and costs;

3. For such other relief as the Court deems just and proper.

                              Respectfully submitted,

                              */s/ Scott E. Blakeley*
                              Scott E. Blakeley
                              Attorney for Plaintiff Export Development Canada
                              Blakeley LLP
                              18500 Von Karman Ave, Suite 530
                              Irvine, California 92612
                              Telephone: (949) 260-0611
                              Email: SEB@blakeleyllp.com